UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN RUDEEN, <br><br> *Plaintiff*, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, THE HANOVER INSURANCE COMPANY, MASSACHUSETTS BAY INSURANCE COMPANY, and UTICA INSURANCE COMPANY, <br><br> *Defendants*. | Civil No. 3:16cv1827 (JBA) <br><br> November 8, 2019 |

## RULING ON ALLSTATE INSURANCE COMPANY'S MOTION FOR ENTRY OF FINAL JUDGMENT

Defendant Allstate Insurance Company ("Allstate") moves for "entry of a final judgment on Counts I through IV of the First Amended Complaint, pursuant to Federal Rules of Civil Procedure 54(b)." (Allstate's Mot. for Final J. [Doc. # 59] at 1.) Plaintiff Susan Rudeen objects. (Pl.'s Opp. [Doc. # 60].) For the reasons that follow, Allstate's motion is granted.

Plaintiff's First Amended Complaint brought claims against four defendants, including Allstate. (First Am. Compl. [Doc. # 26].) The First Amended Complaint includes nine counts, but Allstate is named in only Counts I through IV. On March 20, 2018, Allstate's motion to "dismiss all of Rudeen's claims against it" was granted, and the "Clerk's office [was] instructed to terminate Allstate from the case." (Ruling on Mots. to Dismiss [Doc. # 44] at 7, 20.) Thus there are "no claims pending against Allstate in this litigation," and Allstate requests that the Court enter final judgment in its favor. (Allstate's Mot. for Final J. at 1.)

When "multiple parties are involved" in one action, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Thus, to have a final judgment under the rule, (1) multiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992).

First, because four defendants are named in this action, the multiple parties requirement is met. Second, where a "decision ends the litigation of that claim on the merits and leaves nothing for the court to do but execute the judgment entered on that claim, then the decision is final" for purposes of 28 U.S.C. § 1291 and Rule 54(b). *Id.* at 1092 (internal quotation and alteration omitted). Because the Court's earlier ruling dismissed all claims against Allstate on the merits of those claims and directed the Clerk to terminate Allstate from the case, this second requirement is also met.

Third, this Court must make an "express determination" whether there is any "just reason for delay" in the entry of final judgment with regard to Allstate. "[T]his decision is left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration." *Id.* (internal quotations omitted). "[N]ow that the garden-variety civil complaint often involves multiple claims and/or multiple parties, we cannot, as the Supreme Court has recognized, hide behind the old 'infrequent harsh case' chestnut" in determining whether the entry of judgment under Rule 54(b) is appropriate. *Id.* at 1095. Nor must cases be "unusual," "exceptional," or otherwise extraordinary to merit Rule 54(b) relief. *See id.* Rather, district courts

should exercise discretion to serve "the interest of sound judicial administration." *Id.* Thus "[o]nly those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for Rule 54(b) certification." *Id.* at 1096; *see also Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) ("Where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants."). But when "the claims are 'separable' or 'extricable' from each other," district courts have discretion to determine whether the entry of judgment under Rule 54(b) is appropriate.

Plaintiff concedes that her "claims against Allstate may in some sense be separable from her claims against the remaining defendants due to the differing policy forms issued by each defendant" but argues nonetheless that such separability is "not dispositive." (Pl.'s Opp. at 2.) She argues that relief under Rule 54(b) should be granted "only in the infrequent harsh case," and that Allstate has complained only of "customary delays" associated with litigation which are "insufficient to justify entry of final judgment in this case." (*Id.* at 2-3.) But Plaintiff's argument is contrary to the Second Circuit's clear rejection of the "infrequent harsh case" standard in *Ginett*.

Here, Plaintiff's claims against the other defendants are based on their separate policies which have different operative language than Allstate's. Moreover, in cases with identical policy terms and similar facts, the Second Circuit has ruled in Allstate's favor that damage such as Plaintiff describes is not covered under the Allstate policy. (*See* Allstate's Mot. for Final J. at 3 (citing cases).) Plaintiff does not dispute Allstate's characterization of the claims in this case as separable, nor does she dispute the applicability of the similar cases already decided by the Second Circuit. (*See generally* Pl.'s Opp.) Thus the Court finds that there is no just reason for delay in the entry of judgment regarding Defendant Allstate Insurance Company. *See Huschle v. Allstate Ins. Co. et al*,

3

No. 3:18-cv-00248-JAM, ECF No. 63 (D. Conn. June 27, 2019) (granting Allstate's motion for entry of final judgment under Rule 54(b) despite similar objection by plaintiffs because "there is no just reason for delay").

For the foregoing reasons, Allstate's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) [Doc. # 59] is GRANTED. The Clerk is directed to enter final judgment in favor of Defendant Allstate Insurance Company as to Counts I, II, III, and IV of Plaintiff's First Amended Complaint.

IT IS SO ORDERED.

/S/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 8th day of November 2019.